## HEED, RECEIVER, *v.* MCDANIELS.

[No. 10,647. Filed January 28, 1921.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.—Sufficiency.—Railroad Employe Struck by Bottle Thrown From Train.*—In an action against a railroad company for personal injuries by one of its section men, a complaint alleging that plaintiff was injured when struck by an empty bottle thrown from a passenger train, *held* sufficient to state a cause of action. p. 6.

2. MASTER AND SERVANT.—*Injuries to Servant.—Injuries to Railroad Employes by Passengers.—Master's Duty.*—A railroad company, in relation to exercising due care for the safety of its employes by protecting them from injury resulting from the acts of passengers, is bound only to anticipate such circumstances or combination of circumstances and injuries therefrom as, taking into account its own past experience, and that of others in similar situations, it might reasonably forecast as likely to happen. p. 9.

3. MASTER AND SERVANT.—*Injuries to Servant.—Railroad Employe Struck by Bottle Thrown by Passenger.—Master's Liability.*—Where defendant railroad company had no knowledge of the throwing of a bottle from a train by a passenger that struck and injured a section man, or of the passenger's intention to throw it, or that there was any reason to anticipate that such bottle would be thrown, the railroad company was not guilty of negligence making it liable for the servant's injuries in failing to prevent the passenger from throwing the bottle. p. 11.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by Oscar McDaniels against Thomas D. Heed, receiver, etc. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*John E. Iglehart, Edwin Taylor* and *Hays & Hays,* for appellant.

*Orion B. Harris, Fred B. Lash* and *Charles H. Bedwell,* for appellee.

NICHOLS, J.—Action by appellee to recover damages for personal injuries sustained by him while employed as a section man, such injuries being the result of being struck by a bottle alleged to have been thrown by a passenger from a moving train.

The amended complaint avers that on September 15, 1915, appellee was employed by appellant as a section hand and engaged in keeping the railroad track in repair; that, having stepped to one side of the track to avoid a passing train, while standing there he was struck just below the right eye by an empty bottle thrown from the train, severely injuring him and permanently injuring the sight of his eye. Long prior to said time appellant had unlawfully, carelessly and negligently allowed and suffered persons who carried intoxicating liquors in bottles and who were intoxicated to board trains at Terre Haute, and constantly allowed, suffered and permitted such persons to ride on its trains going south from Terre Haute and allowed them to drink liquor from bottles on said trains and to throw the empty bottles out of the coaches of said trains and on to the right of way of said company as the cars moved along over its tracks. Appellant knew of the practice and that it was dangerous to the life and limb of servants at work on said right of way. On said day appellant unlawfully, carelessly, knowingly and negli-

gently permitted persons unknown to appellee who were unlawfully intoxicated and who unlawfully carried liquors to board one of its trains, to enter the coaches of said trains and knowingly allowed such persons to ride on said trains, and unlawfully to drink from bottles while on such train, and to throw the empty bottles from the windows of said train onto the right of way of the company, appellant at the time knowing that appellee and others were working on said right of way and were likely to be struck by said bottles. Some one of such persons so carrying said bottles threw the bottle which struck and injured appellee.

There was a demurrer to the complaint, which was overruled, and, after answer in general denial, the cause was submitted to a jury for trial, which returned a verdict for appellee in the sum of $1,500. After motion for a new trial, which was overruled, judgment was rendered on the verdict from which appellant appeals, presenting as errors relied upon for reversal the court's action in overruling appellant's demurrer to the complaint and in overruling his motion for a new trial.

1. We hold that the complaint states facts sufficient to constitute a cause of action, and there was therefore no error in overruling the demurrer thereto.

Appellant contends that the evidence was wholly insufficient to support the verdict of the jury, and that the verdict was contrary to law.

James Lyman, witness for appellee, testified that he was riding on the train in the smoker next to the window, and that three other men were there. He saw a basket containing bottles of beer at his feet between the seats with a newspaper over it. One of the men drank and threw the bottle out of the window before reaching Shelburn. He could not say that the men were drunk. After leaving Shelburn, another bottle was

thrown off by a man who first looked out of the window. The basket was at Lyman's feet and could be seen. He does not, however, testify that the conductor or any of the employes of the company saw it. He says one of his feet was over the basket and the other at the side, and that four people were sitting in the seats. One of the men had a bottle concealed under his coat while the conductor was there, and kept it there until the conductor left. The men were careful to drink only when the employes were not there.

Appellee's witness Robert Allen had seen men intoxicated on the train before the day of the injury and had seen one whisky bottle thrown from the train prior thereto, but could not say that he had seen drinking on the train during the summer of 1915. On September 15, 1915, the men were intoxicated and so acted, but he could not say that the train employes were in the car or that they saw what was going on. They were raising no trouble, just "cutting up."

Appellee's witness Frank Barnhart said it was common to see men on the train going out of Terre Haute who were intoxicated prior to the date of the injury, and that trainmen were passing through the car. The men drank out of bottles, but he did not know what they did with the bottles. He had been on the train a half dozen times and possibly did not see drinking every time he was on the train and could not say that the conductor or brakeman was in the car.

Charles Johnson, a section hand on the date of the injury, had been such for four months, and never saw any bottles thrown from the trains. He worked ten hours per day in the daytime, and had seen passenger trains go by and had seen no bottles thrown from the windows.

Thomas Toms, a section man, did not see bottles thrown and never did see a bottle thrown from the win-

dow, although he worked on the section from March, 1913, to early 1916, all the time ten hours per day in the daytime, and would see six passenger trains go by daily.

The engineer of the train testified that he was on the engine and with his fireman, who was then in France in the army, and that his conductor was dead, and had been for a year. Neither he nor his fireman knew what transpired in the coaches. The brakeman knew nothing of the accident, saw no men on the train that were intoxicated or drinking from bottles; he was himself in the smoking car. The baggageman had nothing to do with the work of the coaches and did not come into them; neither did the engineer or fireman. He, the brakeman, saw no bottles thrown from the window. There was nothing that he saw to indicate anything unusual in the conduct of the passengers, and there was nothing to indicate drinking or throwing bottles. He had been running as brakeman on this line for about a year and had never seen any bottles thrown from the train.

Appellee testified that he could not tell who threw the bottle or from what part of the train it came. He did not know of anybody on the train who was drinking or carrying bottles of liquor, and did not know that any members of the train crew knew that there were persons on the train who had liquor in bottles and were drinking therefrom or who threw bottles from the train or had notice thereof, nor that they were about to throw bottles from the train. He had no personal knowledge that there was anyone on the train intoxicated or drinking or throwing bottles from the train, nor did he have knowledge that any member of the train crew on any other occasion had such knowledge.

This is substantially all the evidence pertaining to the negligence of appellant, and the question for us to

determine is whether, as a matter of law, it
2. shows actionable negligence upon the part of ap-
pellant in failing to prevent the person who
threw the bottle from the window from committing the
trespass. Appellant was only bound to anticipate such
circumstances or combination of circumstances and in-
juries therefrom as, taking into account his own past
experience and the experience and practice of others
in similar situations, he might reasonably forecast as
likely to happen. *Wabash, etc., R. Co.* v. *Locke* (1887),
112 Ind. 412, 14 N. E. 391, 2 Am. St. 193.

In the case of *Galbraith* v. *Canadian Pacific R. Co.*
(1914), 17 D. L. R. 65, the action was for damages for
injuries sustained by plaintiff while he was standing on
a station platform for the purpose of taking a train.
The station was not a scheduled stopping place for
trains. The train started from Winnipeg Beach, and
while at that point some young men placed in the bag-
gage car two large bundles, one consisting of tents and
the other tent poles, without the permission of the de-
fendants or other servants. The young men learned
after the train started that it would not stop at the sta-
tion at which plaintiff was waiting. When the train
reached such station the young men, before they could
be prevented by the conductor or brakeman, flung the
bundle out of the open door of the baggage car onto the
platform and injured the plaintiff. He was lawfully
upon the platform. There was no evidence that any
authority had been given to put the bundles in the bag-
gage car, or that the company's servants were aware
that the bundles had been put on the train until after
they started on the journey. There was no permission
given to throw the bundles out of the train. The act
was done without permission and without warning or
intimation that there was any intention of doing the act.
The court said that the injury was clearly caused by the

unauthorized action of the persons unconnected with the railroad company, and that therefore he could not recover.

In the case of *Sullivan* v. *Jefferson Ave. R. Co.* (1896), 133 Mo. 1, 34 L. R. A. 566, 32 L. R. A. 167, it was held that a lady passenger whose white gauzy dress was ignited on an open street car by a match carelessly thrown by another passenger after lighting a cigarette could not hold the company liable for her injuries, where the servant in charge of the car was not chargeable with any negligence in failing to extinguish the fire. The court said that the proprietor of a horse car on a summer day could not be expected to have anticipated that one of its passengers would be burned in this way, and that the most prudent man would not have thought of such an accident and would not have furnished such car in such weather with fire extinguishers.

In the case of *Ergenbright* v. *St. Louis, etc., R. Co.* (1916), 99 Kan. 765, 163 Pac. 173, the plaintiff was injured by being hit by a mail sack thrown from a train by a mail agent. The plaintiff alleged in his complaint that the mail agents had for some time been in the habit of throwing mail sacks carelessly at the station to the knowledge of the defendants. It appeared by the evidence that at no time theretofore had persons been struck or endangered by throwing mail sacks at this station. The jury found that the company was negligent and gave judgment for plaintiff, but on appeal the court held that the evidence did not warrant the findings in that respect; that isolated acts of negligence by mail agents would fasten no liability upon the company and the judgment was therefore reversed.

In the case of *Nashville, etc., R. Co.* v. *Lowery's Admr.* (1912), 148 Ky. 599, 147 S. W. 19, 6 Neg. Comp. Cases 822, the plaintiff's intestate, while walking along the pathway on the east side of the company's track along

which the train was passing, was shot and killed by a negro passenger on the train. It appeared that the passenger was "celebrating" on the train, and when he saw the plaintiff's intestate walking along the side of the track he invited other passengers to watch him make the intestate jump, and, putting his arm out of the window, fired his pistol striking the intestate in the back, the wound resulting in death. The court held that the company was not liable for failure to exercise ordinary care towards the licensee to prevent danger from a malicious prank of a passenger on its train. In the absence of evidence showing that the intended use of the pistol for the purpose of injuring some one was brought to the knowledge of those in charge of the train, negligence could not be predicated on the defendant's failure to restrain the passenger or to eject him from the train. The lower court held otherwise, but the judgment was reversed on appeal.

In this case, while there was some evidence that the men were intoxicated, one of the witnesses for appellee who sat with the men, and who must have had the best opportunity to observe their condition, testified that he could not say that they were drunk. No witness testified that the trainmen knew or should have known that the men were in a drunken condition. It certainly does not appear that they were in such an intoxicated condition as to justify the trainmen in excluding them from the train. No witness testified that the trainmen knew that the men had a basket of liquor with them, or knew that they were throwing bottles out of the window. On the contrary, it appears that the basket was on the floor between the seats with the feet of the four men, and covered with a newspaper, and that one of the men concealed a bottle from which he was drinking, while the trainmen were present, and that all of them were careful to drink when the em-

ployes were not present.    Even if the conductor or other trainmen had known that the passengers were carrying a basket of liquor at that time, such passengers might lawfully have so carried it and the trainmen were not authorized to prohibit it.    The mere fact that they were carrying a basket which was filled with bottles would not make appellant negligent for failing to anticipate that one of such passengers might throw an empty bottle through an open window onto the right of way.

It seems to us that there was a complete failure to sustain the allegations of the complaint, and that there was no evidence that the injury which appellee sustained was one which was likely to result, and which should have been anticipated by appellant.    The proximate cause of the injury was the gross negligence, if not the malicious conduct, of the person who threw the bottle from the train, and was not the result of an accident which might reasonably have been foreseen by appellant or its employes in charge of the train.    As there is no evidence that appellant or any of its agents had any knowledge of the throwing of the bottle that injured the appellee, or of the intention to throw it, or that there was any reason to anticipate that such bottle would be thrown, the court erred in refusing to instruct the jury to return a verdict for appellant.    Errors as to other instructions are also presented, but we deem it unnecessary to consider them.

The judgment is reversed, with instructions to the trial court to grant a new trial.